400 U.S. 858
 91 S.Ct. 13
 27 L.Ed.2d 98
 Carlos MARCELLO, petitioner,
v.
UNITED STATES.
 No. ____.
 Supreme Court of the United States
 October 13, 1970
 
 The application for bail presented to Mr. Justice Black, and by him referred to the Court, is denied.
 Mr. Justice BLACK, with whom Mr. Justice DOUGLAS joins, dissenting.
 
 
 1
 This bail application by Carlos Marcello is the latest event in a long series of prosecutions of Marcello by federal authorities. See, e. g., Marcello v. United States, 5 Cir., 196 F.2d 437. All these prosecutions ended in dismissal of charges by the Government or acquittal except a conviction of illegal transfer of marijuana in 1938 and the present case in which Marcello was convicted in 1968 of assaulting an FBI agent in violation of 18 U.S.C. § 111. This conviction was affirmed on appeal, 423 F.2d 993, and this Court denied certiorari. 398 U.S. 959, 90 S.Ct. 2172, 26 L.Ed.2d 543. In June 1970, Marcello filed a motion for a new trial, alleging that the Government suppressed evidence which he was entitled to present to the jury that convicted him. In August 1970, Marcello sought a hearing under 28 U.S.C. § 2255 alleging that the chief government witness had perjured himself. Both motions were denied, and Marcello's appeals from these orders are now pending in the Court of Appeals for the Fifth Circuit. The Court of Appeals declined to continue Marcello on bail pending a final disposition of his appeals. Marcello's claims rest on the following summary of facts shown by the record.
 
 
 2
 Shortly before the alleged assault in 1966 Marcello was in New York preparing to return to his home in New Orleans. FBI agents in New York advised agents in New Orleans that Marcello was scheduled to arrive at the New Orleans airport on Delta Airlines at 8:30 p. m. on September 30.[1] After the receipt of this message, a New Orleans FBI agent telephoned the Associated Press, the local newspapers and a local television channel and inquired whether they intended to cover the arrival of a 'prominent person' at the airport that evening.[2] When the Delta plane arrived, the press swarmed around Marcello. With them were FBI agent Collins, who according to the Government's brief and the Court of Appeals was 'posing as a passenger,' and FBI agent Avignone, carrying a camera. According to the Court of Appeals:
 
 
 3
 'This crowd followed Marcello through the airport and onto the upper ramp outside where Marcello, angrily and with some profanity, inquired whether the photographers had taken enough pictures. Collins, with arms folded, answered in the negative, and Marcello retorted: 'Are you looking for trouble?' which elicited the not unexpected reply from Collins that 'I can handle trouble." United States v. Marcello, 423 F.2d 993, 997.
 
 
 4
 Marcello's version was that Collins said 'I'm always looking for trouble.'[3] The Court of Appeals continued: 'This exchange had an unsettling effect on Marcello who took a couple of short jabs at Collins and attempted to mow him down with a haymaker, which never really got off the ground because of his brother Joseph's restraint.' Collins himself testified that if Marcello touched his body at all, 'it was so slight, I did not feel it.'[4] For this 'technical assault' which Collins swore he did not feel, Marcello was fined $5,000 and sentenced to two years in prison.
 
 
 5
 The entire case and circumstances shown by the record are highly disturbing. At Marcello's trial in 1968 his counsel suggested that government agents were themselves responsible for the crowd of newsmen surrounding Marcello and photographing him at the airport.[5] Counsel prosecuting Marcello expressed resentment at the suggestion that the Government had entrapped or provoked him. The Government then denied that it had any evidence favorable to Marcello. This denial seems incredible to me in view of the now admitted facts that an agent called the press telling them of the arrival of a 'prominent person' and that prosecuting counsel were informed before trial of these FBI contacts with the press.[6] I have no doubt of the relevancy of this evidence in the eyes of the jury considering Marcello's defense that the FBI was after him and had provoked the incident. I have no doubt that the Government's conduct in this case raises questions worthy of review, and I therefore dissent from the Court's denial of bail.
 
 
 
 [1]
 United States v. Carlos Marcello, Trial Transcript at 1126.
 
 
 [2]
 United States v. Carlos Marcello, Transcript of Motion for New Trial and for Reduction of Sentence at 206, 213, 221.
 
 
 [3]
 United States v. Carlos Marcello, Trial Transcript at 1209.
 
 
 [4]
 Id., at 941.
 
 
 [5]
 Id., at 345.
 
 
 [6]
 United States v. Carlos Marcello, Transcript of Motion for New Trial and for Reduction of Sentence at 220.